United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOKU HASHITAKA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>BRENDAN CARAWAY, et al.,<br><br>    Defendants. | Case No. 14-cv-04572-JD<br><br>**ORDER APPROVING COMPROMISE OF MINOR'S CLAIM**<br><br>Re: Dkt. Nos. 33, 35 |

This is a civil rights action arising out of a police stop of a man and his infant son, Moku Hashitaka. Dkt. No. 1. At two years old, Moku is a minor, and the Court consequently appointed his mother as a guardian ad litem for him pursuant to Rule 17(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 7, 33.

The parties have informed the Court that they have reached a settlement of this matter, and they jointly request that the Court approve the compromise of the minor's claim. Dkt. No. 33. Plaintiff has also submitted a supplemental memorandum providing additional background on the proposed settlement in support of the stipulated request for approval. Dkt. No. 35.

The Court has a "special duty" in the context of proposed settlements like these to "conduct its own inquiry to determine whether the settlement serves the best interest of" the minor plaintiff. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In making that inquiry, the Court "must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).

In *Robidoux*, our Circuit explained the outer boundaries of the scope of review the district court is to undertake in situations like these: the court is to "focus[] on the net recovery of the

minor plaintiffs under the proposed agreement," taking care to "limit the scope of [its] review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable . . . ." 638 F.3d at 1181-82. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel -- whose interests the district court has no special duty to safeguard." *Id*.

Here, the parties have explained that the agreed settlement provides for $1,000 to be paid to the minor plaintiff, and that no attorney's fees or costs will be deducted from that amount. Dkt. No. 33. Plaintiffs' counsel further submits that, although plaintiff "has been unable to find another settlement for an infant who was separated from his parents for several hours," plaintiff has found another case in which a five-year-old child "who witnessed officers barge in to his family's home and arrest his father, but who was not separated from his mother" received $2,000 as a settlement award. Dkt. No. 35.

Having considered the parties' submissions and the documents on file, the Court finds the proposed compromise of the minor's claim in this case to be "fair and reasonable, in light of the facts of the case, [plaintiff's] specific claim[s], and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. The proposed compromise of the minor's claim consequently is approved. The Court, however, declines to make the additional orders requested by the parties that go to the manner in which the funds for the minor plaintiff should be deposited and when they may be disbursed to him. Dkt. No. 33 (proposed order). The parties should pursue that additional relief, if they wish, in state court.

**IT IS SO ORDERED.**

Dated: August 26, 2015

_____
JAMES DONATO
United States District Judge